**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000545
17-APR-2019
08:42 AM**

NOS. CAAP-14-0000545 & CAAP-14-0001210

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILLIAM CROWE, Individually, Plaintiff-Appellee, v.
ASSOCIATION OF APARTMENT OWNERS OF WAIKIKI MARINA CONDOMINIUM,
Defendant-Appellant,
AND
JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100,
AND DOE CORPORATIONS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2272-08)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Hiraoka, JJ.)

This case arises from a dispute over whether ownership of a residential unit at the Ala Wai Terrace Condominium ("the Ala Wai Terrace"), together with ownership of a parking stall at the Waikiki Marina Condominium ("the Waikiki Marina"), formerly known as "The Westbury," entitles Plaintiff-Appellee William Crowe to use the Waikiki Marina common elements.

In a consolidated appeal, Defendant-Appellant Association of Apartment Owners of Waikiki Marina Condominium ("the AOAO") appeals from the March 12, 2014 Final Judgment on Count VIII of First Amended Complaint ("Final Judgment") which was entered by the Circuit Court of the First Circuit ("Circuit Court")[1] in favor of Crowe.

---

[1]     The Honorable Virginia L. Crandall presided.

The AOAO also challenges the April 12, 2013 Order Granting(1) Plaintiff William Crowe's Motion for Partial Summary Judgment as to Declaratory and Injunctive Relief; and Order Denying (2) Defendant's Motion for Summary Judgment ("MSJ Order"); the August 5, 2013 Findings of Fact, Conclusions of Law, and Order 1) Granting Plaintiff William Crowe's Request for Declaratory and Injunctive Relief and 2) Denying in Part and Granting in Part Defendant the Association of Apartment Owners of Waikiki Marina Condominium's Motion for Reconsideration Filed April 4, 2013 ("FOF/COL"); and the September 26, 2014 Order Granting Plaintiff William Crowe's Motion for Attorneys' Fees and Costs, Filed June 6, 2014 ("Fees and Costs Order").

On appeal, we construe the AOAO as contending that: (1) the Circuit Court erred in granting Crowe's MPSJ; (2) the Circuit Court abused its discretion in denying the AOAO's Motion for Reconsideration; (3) the Circuit Court erred by issuing a permanent injunction; and (4) the Circuit Court erred in granting Crowe's Motion for Attorneys' Fees and Costs.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

I.   BACKGROUND

The bulk of the facts relating to the two condominium properties, the setting-aside of parking stalls in the Waikiki Marina for certain owners/tenants in the Ala Wai Terrace, the various condominium documents creating those rights, the legal analysis interpreting those documents, and the relevant standards of review have been described in detail in the recently-decided related case, *Bruno v. AOAO Waikiki Marina Condominium*, No. CAAP-13-0000510, 2019 WL 1552362 (Haw. Ct. App. Apr. 10, 2019). In addition, the following facts relate specifically to Crowe, his claim, and the arguments specific to his case.

Crowe purchased Unit #1452 ("Unit") at the Ala Wai Terrace by a deed ("Deed") recorded on December 1, 2005. Pursuant to the Deed, Crowe also acquired Parking Apartment F, a

parking stall located in the Waikiki Marina ("Parking Apartment"). According to Crowe, he enjoyed the use of the Parking Apartment and the use of the Waikiki Marina's common elements ("Common Elements") without complaint from the time of his purchase until July 2010, at which time the AOAO began denying him access to the Common Elements.

On August 30, 2012, Crowe filed a complaint against the AOAO, alleging that the AOAO denied him access to Waikiki Marina's Common Elements, and requesting, among other things, injunctive and declaratory relief. On November 9, 2012, the First Amended Complaint was filed.

Crowe subsequently filed a motion for partial summary judgment as to declaratory and injunctive relief, Counts VII and VIII of his First Amended Complaint ("Crowe's MPSJ"). The AOAO responded with its own motion for summary judgment ("AOAO's MSJ"). The Circuit Court held a hearing on the motions for summary judgment and, on February 12, 2013, entered a minute order granting Crowe's MPSJ and denying AOAO's MSJ.

The AOAO filed a motion for reconsideration of the February 12, 2013, summary judgment order and/or for a Hawai'i Rules of Civil Procedure Rule 54(b) certification ("AOAO's Motion for Reconsideration"). On April 12, 2013, the Circuit Court entered the MSJ Order. On May 1, 2013, the Circuit Court held a hearing on the AOAO's Motion for Reconsideration. The court denied reconsideration, but granted the AOAO's request for certification. On August 5, 2013, the Circuit Court entered its FOF/COL.

On March 12, 2014, the Circuit Court entered the Final Judgment. The AOAO timely filed a notice of appeal from the Final Judgment, the MSJ Order, and the FOF/COL initiating appeal no. CAAP-14-0000545.

On June 6, 2014, Crowe filed a motion for attorneys' fees and costs, which the Circuit Court granted. The AOAO timely filed a notice of appeal from the Fees and Costs Order initiating appeal no. CAAP-14-0001210. The two appeal cases were subsequently consolidated.

II. DISCUSSION

A. The Circuit Court did not err when it granted summary judgment on the basis that Paragraph 21.0 was unambiguous

1. Paragraph 21.0 is unambiguous.

According to the AOAO, the parking apartments were created pursuant to the Fourth Amendment to Declaration of Condominium Property Regime of Waikiki Marina Condominium (Formerly Known as "The Westbury") and Amendment to Condominium Map No. 484, dated January 17, 2002 ("Fourth Amended Declaration") as a way to provide adequate parking to Ala Wai Terrace unit owners. Converting Waikiki Marina parking stalls, a limited common element, to parking apartments was the only way the Waikiki Marina parking stalls could be sold unattached from a Waikiki Marina residential apartment. Paragraph no. 14 of the Fourth Amended Declaration amends the Declaration of Horizontal Property Regime the Westbury ("Original Declaration") by adding a new paragraph 21.0 which addresses pedestrian access of Ala Wai Terrace parking apartment owners, tenants, or guests who have the right to use a parking apartment, to and through the Waikiki Marina ("Paragraph 21.0").

The crux of the AOAO's first point is that the Circuit Court erred in granting Crowe's MPSJ because the plain language of the governing documents is unambiguous and should have been construed in its favor.[2]

Although not explicitly stated, the Circuit Court implicitly concluded that Paragraph 21.0 is unambiguous based on the January 24, 2003 First Amendment to Declaration of Condominium Property Regime of Ala Wai Terrace, paragraph nos. 3 and 12 of the Fourth Amended Declaration, and the Original

---

[2] The AOAO additionally argues that "it is completely unreasonable to conclude [that Crowe] was granted the same rights and privileges as Waikiki Marina owners for the nominal amount of **$3.59 a month**[, while] Waikiki Marina owners pay **$524.61 a month** for the use and maintenance of common elements." (Emphasis in original.) Aside from this conclusory statement and a citation to the doctrine of reasonable construction, the AOAO provides no legal support for its argument, and therefore, it is deemed waived. *See* Haw. R. App. P. 28(b)(7) (requiring that arguments presented must be accompanied by "citations to the authorities, statutes and parts of the record relied on[,]" and noting that "[p]oints not argued may be deemed waived").

Declaration, and interpreted Paragraph 21.0 in Crowe's favor.

For the reasons explained in *Bruno* we agree that Paragraph 21.0, when read in conjunction with paragraph nos. 3 and 12 of the Fourth Amended Declaration,[3] is unambiguous and does not preclude parking apartment owners from freely using and enjoying Waikiki Marina's common elements. *See Bruno*, 2019 WL 1552362, at *4-5. We therefore conclude that the Circuit Court did not err in granting Crowe's MPSJ because there remained no genuine issues of material fact, and only one inference could reasonably be drawn. *See Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 108, 839 P.2d 10, 24 (1992) (explaining that summary judgment is appropriate "'when the facts are undisputed and not fairly susceptible of divergent inferences' because '[w]here, upon all the evidence, but one inference may reasonably be drawn, there is no issue for the jury.'" (quoting *Broad & Branford Place Corp. v. J.J. Hockenjos Co.*, 39 A.2d 80, 82 (N.J. 1944))).

Because we hold that Paragraph 21.0 is unambiguous, we need not address the AOAO's arguments relating to the Circuit Court's consideration of Extrinsic Evidence. We next address the AOAO's remaining challenges to the Circuit Court's summary judgment ruling which do not implicate Paragraph 21.0.

> 2. Hawaii Revised Statutes ("HRS") Chapters 514A and 514B do not support the AOAO's interpretation of Paragraph 21.0.

The AOAO argues that HRS Chapters 514A and 514B clearly support the AOAO's position because the statutory definition of "apartment" or "unit" restricts the use of parking apartment owners solely to pedestrian use, and because HRS section 514B-104 (1993) allows condominium association boards to limit the use of

---

[3] Paragraph no. 3 of the Fourth Amended Declaration provides that all parking stall apartments "shall have appurtenant thereto an undivided 0.005% interest in the common elements of the Project for *all purposes*, including voting." (Emphasis added.) Paragraph no. 12 of the Fourth Amended Declaration provides that each parking stall apartment "has appurtenant thereto an undivided 0.005% interest in *all of the common elements of the Project*." (Emphasis added.)

common elements.[4]

Even if the statutory definitions of "apartment" and "unit" support what the AOAO argues for—that the parking apartment owners' only means of ingress and egress to their parking stalls would be through street access—it does not necessarily follow that an apartment owner's access to the Common Elements is also restricted. The AOAO's argument is therefore without merit.

The AOAO next contends that it has a statutory right to limit the use of common elements pursuant to HRS sections 514B-104(a)(6) and 514B-38 (1993), which govern the association's rights over and a unit owner's use of common elements. Changing a common element into a limited common element, which is what the AOAO argues Paragraph 21.0 accomplishes, requires approval by all unit owners. *See Penney v. Ass'n of Apartment Owners of Hale Kaanapali*, 70 Haw. 469, 470, 776 P.2d 393, 395 (1989) (holding that converting a common element to a limited common element diminishes the common interest appurtenant to each apartment, and that such a conversion requires the consent of all apartment owners). Here, the pool and tennis courts are listed as common elements. In order for the AOAO to change any of the common elements into a limited common element, it would therefore need consent of all apartment owners, including parking apartment owners. *Penney*, 79 Haw. at 470, 776 P.2d at 395. Accordingly, HRS sections 514B-104(6) and 514B-38 do not give the AOAO the statutory authority to turn the common elements into limited common elements without unanimous owner approval, and the AOAO's argument is without merit.

---

[4]    The AOAO also asserts that the Circuit Court committed clear legal error by "holding that the statutory provisions of [HRS] Chapters 514A and 514B . . . grant parking apartment owners greater rights than Waikiki Marina residents." Because the Circuit Court never held that HRS Chapters 514A and 514B grant parking apartment owners *greater rights* than Waikiki Marina residents, but rather, that "HRS sections 514A and 514B, which govern condominium projects, also apply to the instant dispute and further aid in the reasonable interpretation of the subject contract documents[,]" we need not address the matter further.

3.     The Circuit Court did not consider waiver or
       estoppel in its FOF/COL.

The AOAO contends that "[t]o the extent Findings of
Fact No. 11 through 14 and Conclusions of Law No. 25 were used by
the [C]ircuit [C]ourt to establish waiver, they are clearly
erroneous and/or wrong."  Neither waiver nor estoppel were
mentioned in the Circuit Court's FOF/COL.  In fact, the Circuit
Court explicitly stated during the hearing on the AOAO's Motion
for Reconsideration that "the Court did not consider waiver."
The AOAO's contention is thus without merit.

B.     The Circuit Court did not abuse its discretion in
       denying the AOAO's Motion for Reconsideration.

In its second point of error, the AOAO asserts that the
Circuit Court abused its discretion in denying the AOAO's Motion
for Reconsideration "[f]or the same reason" as stated in its
first point of error.  Since we affirm the Circuit Court's
decision, we find no merit in the contention that the Motion for
Reconsideration was improperly denied.

C.     The Circuit Court did not issue a permanent injunction.

In its third point of error, the AOAO contends that the
Circuit Court erred in issuing a permanent injunction.  The
Circuit Court, however, did not issue a permanent injunction, and
in fact, made this clear during the hearing on AOAO's Motion for
Reconsideration.  The AOAO's argument is therefore without
merit.[5]

D.     The Circuit Court did not abuse its discretion when it
       granted Crowe's Motion for Attorneys' Fees and Costs.

In its final point of error, the AOAO asserts that the
Circuit Court abused its discretion when it determined that

_____

[5]     In its reply brief, the AOAO raises for the first time on appeal,
that it "is pure semantics" that the Circuit Court issued a preliminary
injunction, and not a permanent injunction, because "the standard for granting
preliminary and permanent injunctions is essentially the same."  These
arguments are deemed waived, however, because the AOAO failed to raise them in
its opening brief. *See Ass'n of Apartment Owners of Newton Meadows ex rel.
Bd. of Dirs. v. Venture 15, Inc.*, 115 Hawai'i 232, 281 n.39, 167 P.3d 225, 274
n.39 (2007) (citing *In re Hawaiian Flour Mills, Inc.*, 76 Hawai'i 1, 14 n.5,
868 P.2d 419, 432 n.5 (1994) which held "that arguments raised for the first
time in the reply brief on appeal were deemed waived").

Crowe's attorneys' fees and costs were reasonable because (i) Crowe's motion for fees and costs was untimely,[6] (ii) Crowe was not the prevailing party in the underlying litigation,[7] and (iii) counsel's block-billed time entries make reasonableness determinations impossible and because the Circuit Court failed to rely on evidence to show that the hourly rates were reasonable.

Block-billing is defined as "'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Hawaii Ventures, LLC v. Otaka, Inc.*, 116 Hawai'i 465, 475, 173 P.3d 1122, 1132 (2007) (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998)). Recovery for block-billed time is not automatically prohibited because "[u]nlike vague or generic task entries, block billing entries do not always suffer from inadequate description. Their infirmity sterns [sic] from the fact that they represent activities lumped together in a single entry with no indication how much time was spent on each task." *Kim v. Oda*, No. 30680, 2013 WL 6762371, at *11 (Haw. Ct. App. Dec. 20, 2013) (quoting *Hawaii Ventures, LLC*, 116 Hawai'i at 475, 173 P.3d at 1132).

---

[6] Crowe's second motion for attorneys' fees and costs was filed on March 19, 2014, seven days after the March 12, 2014 Final Judgment. That motion was denied without prejudice, and Crowe's third motion for fees and costs, filed on June 6, 2014, relating back to his second motion was correctly not deemed untimely.

[7] In its reply brief, the AOAO appears to further argue that because Crowe transferred his ownership in the Unit and Parking Apartment—which occurred after the Circuit Court determined that Crowe was the prevailing party in the underlying litigation, but before the Circuit Court made its ruling on Crowe's attorney's fees and costs—Crowe cannot be deemed the prevailing party *for purposes of attorney's fees and costs*, and this court lacks jurisdiction to address the issue. In support, the AOAO requests that this court take judicial notice of the Apartment Deed and Parking Apartment Deed showing a transfer of ownership from Crowe to Luca Gaudioso on April 21, 2014 ("Transfer Deeds"). Because the Transfer Deeds are considered the kinds of facts that are not subject to reasonable dispute and comport with Hawai'i Rules of Evidence ("HRE") Rule 201, we take judicial notice of the deeds. *See* Haw. R. Evid. 201(b), (f); *cf. In re Thomas H. Gentry Revocable Tr.*, 138 Hawai'i 158, 171 n.8, 378 P.3d 874, 887 n.8 (2016) (taking judicial notice of a warranty deed transferring property because the deed was a matter of public record and easily verifiable).

Still, the AOAO's argument is without merit as this court has previously ruled that it retains jurisdiction to consider a challenge to attorneys' fees and costs on prevailing party grounds, even if transfer of interest renders an appeal of a declaratory judgment moot. *Queen Emma Found. v. Tatibouet*, 123 Hawai'i 500, 236 P.3d 1236 (App. 2010).

Relying on *Hawaii Ventures, LLC*, the AOAO contends that the Circuit Court erred in awarding attorneys' fees based on block-billed time entries because reasonableness of fees cannot be determined. *Hawaii Ventures, LLC* is distinguishable, however, because the error that arose in "block-billing" in that case was the trial court's inability to distinguish between compensable and noncompensable billing entries. *See id.* at 478, 173 P.3d at 1135. Here, the Circuit Court was examining the "reasonableness" of the fees, not differentiating between compensable and noncompensable billing entries. Given the billing entries provided by Crowe, the Circuit Court was able to assess the reasonableness of both the time spent and the rate charged by each attorney.[8/] *See Kim*, 2013 WL 6762371, at *11. The AOAO's argument is therefore without merit.

III. DISPOSITION

Based on the foregoing, the Final Judgment and the Fees and Costs Order are both affirmed.

DATED: Honolulu, Hawai'i, April 17, 2019.

On the briefs:

John D. Zalewski and
Mark G. Valencia
(Case Lombardi & Pettit,
a Law Corporation)
for Defendant-Appellant.

Terrance M. Revere and
J.D. Ferry
(Revere & Associates,LLLC)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[8/]    In a declaration, Crowe's counsel described his experience level, and described the hourly billing rate of each attorney who worked on the case. The billing entries indicated specific legal work completed, and the amount of time spent on each task, and also allowed the Circuit Court to determine, with a high degree of certainty, whether the work and time spent was reasonable.